IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01992-CMA-MJW

SHAWN D.  ALLEN,

Plaintiff,

v.

CORRECTIONS CORP.  OF AMERICA EMPLOYEES,
J. GRAY,
N.  ARREDONDO,
LT.  PHILLIPS,
S.  HEGER, and
C.  BLAKE,

Defendants.

---

## RECOMMENDATION THAT CLAIMS AGAINST DEFENDANT S. HEGER BE DISMISSED WITHOUT PREJUDICE BASED UPON PLAINTIFF'S FAILURE TO SERVE AND FAILURE TO PROSECUTE

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order Referring Case issued by

Judge Christine M. Arguello on September 14, 2010.  (Docket No. 16).

The court received the Prisoner Complaint on August 19, 2010.  (Docket No. 1).

In that pleading, the pro se plaintiff identified defendant S. Heger "as an employee of the

CCA private prison" and provided the following address for this defendant: "'KCCC' P.O.

Box 309 Burlington.CO.80807."  (Docket No. 4 at 3).  Defendant Heger, however, is no

longer employed by Corrections Corporation of America ("CCA").  The court directed the

plaintiff to provide the court with the current address of defendant Heger on or before

2

April 4, 2011, so that the United States Marshal could attempt service on this defendant.

(See Docket No. 48, courtroom minutes).  The court set a Show Cause Hearing on the

matter for May 5, 2011, at 10:30 a.m.  At that hearing, the plaintiff advised the court that

he did not have an address for defendant Heger.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Furthermore, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. **If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.**

D.C>COLO.LCivR 41.1 (emphasis added).

In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-

(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P.

16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following

sanctions:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** the claims against defendant S. Heger be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to serve and failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

4

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:      May 5, 2011         s/ Michael J. Watanabe
                Denver, Colorado    Michael J. Watanabe
                                    United States Magistrate Judge