**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01992-CMA-MJW

SHAWN D. ALLEN,

      Plaintiff,

v.

CORRECTIONS CORP. OF AMERICA (a Private for Profit Corporation),
J. GARY,
N. ARREDONDO,
LT. PHILLIPS, and
C. BLAKE,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion for Reconsideration" filed by Plaintiff Shawn D. Allen.[1]  (Doc. # 122.)  For the reasons discussed below, the motion is denied.

On May 31, 2012, the Court adopted and affirmed United States Magistrate Judge Michael J. Watanabe's Recommendation to grant Defendants' Motion for Summary Judgment (Doc. # 82) and to deny Plaintiff's Cross-Motion for Summary

---

[1]  Plaintiff filed a "Motion for Reconsideration," but the Federal Rules of Civil Procedure do not recognize such a motion.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, a litigant who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.*  Plaintiff's motion was filed within ten days of final judgment; thus the Court will review it as a motion to alter the judgment.

Judgment (Doc. # 87).  (Doc. # 120.)  Final Judgment was entered the same day.  (Doc. # 121.)

In its order, the Court found that the Magistrate Judge's Recommendation was correct.  (Doc. # 120.)  Although Plaintiff had objected to the Recommendation, the Court found that his objection was improper because he failed to challenge any specific factual findings or conclusions of law.  (*Id.*)  Specifically, the Court determined that Plaintiff's objections consisted of "conclusory statements accusing the Magistrate Judge of 'turn[ing] a blind eye to the facts' and asserting that the Magistrate Judge should have 'been recused . . . [due to his] biased and bizarre recommendation.'"  (*Id.*) (internal citation omitted).  Although Plaintiff's objections did not trigger *de novo* review, the Court, nevertheless, conducted such a review and concluded that the Recommendation was not called into question by Plaintiff's objections.  (*Id.*)

In the instant motion, Plaintiff argues that the Court should reconsider the adoption of the Recommendation because "[his] section 1983 complaint, [his] cross-motion for summary judgment etc is most meritorious and that a plethora of material issues remain unresolved thus warranting trial."  (Doc. # 122.) (capitalization omitted).  The Court is not persuaded.

The three main grounds that justify reconsideration of an order are "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's

2

position, or the controlling law." *Id. See also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("[w]hen a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process" (quotation marks and citations omitted)).

In the instant case, Plaintiff simply contends that his claim is "meritorious," but he fails to state any grounds – *e.g.*, a change in controlling law or new evidence – that would justifying altering or amending the judgment.  Plaintiff's motion cannot succeed when his only justification for it is that he disagrees with the Court's decision.

Accordingly, it is ORDERED that Plaintiff's "Motion for Reconsideration" (Doc. # 122) be DENIED.  It is

FURTHER ORDERED that Plaintiff's "Motion for a Ruling on Motion for Reconsideration" (Doc. # 127) is DENIED AS MOOT in light of this Order.

DATED:  July   24  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge